UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR MADERA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *  Civil Action No. 15-30133-MGM |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO AMEND THE JUDGMENT
(Dkt. No. 38)

December 16, 2016

MASTROIANNI, U.S.D.J.

Victor Madera ("Plaintiff") applied for Title II Supplemental Security Income benefits on November 2, 2012. (Dkt. No. 14, Mem. of Law in Supp. of Pl.'s Mot. to Reverse or Remand at 1.) Plaintiff's application was denied multiple times, most recently by an administrative law judge ("ALJ") after a hearing held on December 3, 2013. (*Id.* at 1–2.) Plaintiff sought judicial review. (*Id.* at 2.) After reviewing the ALJ's decision, this court reversed and remanded on the basis of errors in the ALJ's opinion. (*See* Dkt. No. 36, Mem. and Order Granting Pl.'s Mot. to Reverse or Remand ("M&O").) The Commissioner filed the present motion to amend this court's judgment, (*see* Dkt.

Nos. 38, 39), to which Plaintiff filed an opposition. (See Dkt. No. 40.) Upon reconsideration, the Commissioner's motion is granted in part and denied in part.

The Commissioner brings to this court's attention a factual misapprehension in this court's prior M&O. The Commissioner explains the bolded axis designation "Personality Disorders/Mental Retardation," one of the evaluative criteria appearing in Plaintiff's medical records, is a section heading rather than a diagnosis. (*See* Dkt. No. 38, Mem. in Supp. of Def.'s Mot. to Amend the J. ("Def.'s Mem.") at 2–3.) The court appreciates this clarification. The court will amend its judgment to reflect this technical correction.

This correction does not alter the court's conclusion that the ALJ committed reversible error in failing to consider all of Plaintiff's symptoms of intellectual impairment in Step 2 of her analysis. (*See generally* M&O (explaining grounds for remand).) The Commissioner argues the ALJ was correct in finding Plaintiff does not have a severe intellectual impairment because the record contained no formal diagnosis thereof. (*See* Def.'s Mem. at 6.) However, Dr. Guenther diagnosed Plaintiff with "rule out borderline intellectual functioning." (Administrative Record ("AR") at 433; *see also* Def.'s Mem. at 5).) Dr. Guenther also provided "medical evidence consisting of signs [and] symptoms" of intellectual impairment. (Def.'s Mem. at 4 (quoting 20 C.F.R. § 404.1508); *see also* AR at 429–33.) The ALJ incorporated these signs and symptoms, memorialized in Dr. Guenther's written report, only selectively, raising concerns as to the reliability of the ALJ's severity determination. (*See* M&O at 11–13.) Furthermore, to the extent it was discussed, the ALJ elided Plaintiff's rule out intellectual disability diagnosis by finding "rule out learning disability better address[es] the claimant's mental symptoms." (AR at 23.) As the court observed in its M&O, the ALJ's rejection of a treating physician's opinion based on her own "speculation or lay opinion" is independent grounds for reversal. (*See* M&O at 5–6 (quoting *Rivera v. Astrue*, 9 F. Supp. 3d 495, 502 (E.D. Pa. 2014)) (internal quotation marks omitted).)

The Commissioner further argues an impairment cannot be established by self-reported symptoms and that, consequently, Dr. Kim's "suggestion of the possibility of an intellectual functioning disability" based on Plaintiff's subjective complaints cannot constitute a diagnosis. (*See* Def.'s Mem. at 4.)[1] The court does not rely solely on Plaintiff's subjective statements as recorded in Dr. Kim's report. It notes also Dr. Kim's notation of diagnostic code 319, which refers to "unspecified intellectual disabilities," (*see* AR at 1400); *see also* 2013 ICD-9-CM Diagnosis Code 319, *available at* http://www.icd9data.com/2013/Volume1/290-319/317-319/319/319.htm., as well as Dr. Kim's referral for neuropsychological testing, a "medically acceptable clinical . . . diagnostic technique[]."[2]

(Def.'s Mem. at 4 (quoting 20 C.F.R. § 404.1508).)

Finally, the court declines to amend its finding regarding the ALJ's duty to supplement medical evidence where there is an "obvious gap[] in the administrative record." (*See* M&O at 9 (alteration in original) (quoting *Lowry v. Astrue*, 474 Fed. Appx. 801, 804 (2d Cir. 2002)) (internal quotation marks omitted).) The court is aware an ALJ's decision to supplement the medical record is discretionary. The Commissioner nonetheless recognizes an "ALJ is to order a consultative exam . . . when [all relevant medical evidence] is not sufficient to make a decision." (Def.'s Mem. at 6 (quoting *Firpo v. Chater*, 100 F.3d 943, 1996 WL 49258, at *2 (2d Cir. Feb. 7, 1996)) (internal quotation marks

---

[1] Though she referred only to symptoms described by Plaintiff to her in particular, Dr. Guenther found "the results of [her] [psychiatric] evaluation do appear to be consistent with the claimant's allegations." (AR at 433.)
[2] The court is aware the record contains no evidence such a consultation took place. As the court will presently explain, a referral by the ALJ for such testing was justified and may have yielded the diagnostic information the Commissioner seeks.

3

omitted).) The court finds this to be the case here. (*See* M&O at 9–10.) A rule out diagnosis, which "means that there is 'evidence that [the patient] [may] meet the criteria for that diagnosis, but [the doctors] need more information to rule it out,'" (Def.'s Mem. at 4 n.5 (second alteration added) (internal quotation marks omitted) (citing *Morin v. Colvin*, No. 1:13-cv-220, 2014 WL 268721, at *2 n.3 (D.N.H. Jan. 23, 2014))), is, by definition, evidence that the ALJ lacked "sufficient [information] to make a decision." (*Id.* at 6 (citing *Firpo*, 1996 WL 49258, at *2).) Thus, in order to adequately assess the severity of Plaintiff's intellectual disability, the ALJ needed further information that would have enabled her to fully consider such a diagnosis. Because the ALJ made no referral, the record lacks the substantial evidence required to affirm the ALJ's determination that Plaintiff's intellectual impairment was non-severe. The court reiterates that Dr. Guenther's diagnosis of rule-out intellectual disability may not, in isolation, have warranted further testing or remand. (*See* M&O at 16.) However, the absence of a consultative referral is compounded by several other, reversible errors. For this reason, the court believes remand for consideration of such a referral in light of all medical evidence in the record is appropriate.

For the foregoing reasons, The Commissioner's Motion to Amend the Judgment is hereby GRANTED as to the court's misapprehension of certain medical documents, and DENIED in all other respects.

It is So Ordered.

    /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District7 Judge